IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                          ) | |
| v.                       ) | Criminal No. 18-226 |
|                          ) | |
| JYJUAN AMIR BROCK,       ) | Judge Cathy Bissoon |
|                          ) | |
| Defendant.               ) | |

# ORDER

Pending before the Court is Jyjuan Amir Brock's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion," Doc. 60). On June 2, 2021, the Government promptly filed a Response opposing reduction ("Response," Doc. 62). After consideration of all the relevant briefing, Defendant's Motion will be denied.

First, and as noted by the Government in its Response, Defendant gives the Court no information on whether he has exhausted his administrative remedies, as required under statute. 18 U.S.C. § 3582(c)(1)(A); <u>see also</u> <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020) (a prisoner's failure to administratively exhaust as required by 18 U.S.C. § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release.").

Moreover, even if Defendant's Motion was properly before the Court, the undersigned agrees with the Government that Defendant has not shown "extraordinary and compelling reasons" required by statute for a reduction in sentence. Defendant does not identify any specific reasons to grant a reduction in sentence, other than generalized concerns regarding the spread of the COVID-19 virus and variants. <u>See</u> <u>generally</u> Motion. While those concerns are serious, they do not warrant release. Defendant also highlights his post-sentencing rehabilitation—and while

the Court does commend Defendant on his rehabilitative efforts while in prison, this is what the Court hopes is always the case when a defendant is incarcerated. Motion at 10. Moreover, the Court is required to balance any "extraordinary and compelling reasons" with the ones resulting in his original sentence, pursuant to 18 U.S.C. § 3553, and in so doing, finds that the 3553 factors weigh heavily against a reduction in sentence. Defendant's sentence reflects Defendant's history and characteristics, the seriousness of Defendant's offense, and the needs for just punishment and deterrence.

Last, as the Government notes, Defendant has received both doses of the Pfizer COVID-19 vaccine. Response at 5. While our understanding of the COVID-19 virus may change in the future, according to the CDC, the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."[1] Vaccination will significantly mitigate Defendant's risk of contracting the COVID-19 virus and provides him significant protection from serious illness or death.

Having weighed the specific facts and circumstances regarding Defendant, vis-à-vis COVID-19—along with all of the considerations in Section 3553—the Court cannot agree that reduction in sentence is warranted. For these reasons, Defendant's Motion (**Doc. 60**) for reduction of sentence is **DENIED**.

---

[1] Centers for Disease Control and Prevention, Information about the Pfizer-BioNTech COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited June 16, 2021).

IT IS SO ORDERED.

June 17, 2021

s\Cathy Bissoon  
Cathy Bissoon  
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

JYJUAN AMIR BROCK  
USMS 39156-068  
FCI HAZELTON  
Federal Correctional Institution  
P.O. BOX 5000  
Bruceton Mills, WV 26525